IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA

Fill in this information to identify your case:

| | | |
|---|---|---|
| Debtor 1 | **Carisha Coverson** | |
| | Name: First    Middle    Last | |
| Debtor 2 (Spouse, if filing) | Name: First    Middle    Last | |
| Case number: (If known) | **19-82353** | |

Check if this is an amended plan ☐
Amends plan dated: _____

# Chapter 13 Plan

## Part 1: Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with local rules, administrative orders, and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies. Your failure to check a box that applies renders that provision ineffective.*

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the confirmation hearing, unless otherwise ordered. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is made. See Bankruptcy Rule 3015. In addition, a proper proof of claim must be filed in order to be paid under this plan.

The following matters may be of particular importance to you. Debtor(s) must check each box that applies. Debtor(s)' failure to check a box that applies renders that provision ineffective.

☑ **The plan seeks to limit the amount of a secured claim, as set out in Part 3, § 3.2, which may result in a partial payment or no payment at all to the secured creditor.**

☐ **The plan requests the avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest as set out in Part 3, § 3.4.**

☐ **The plan sets out nonstandard provision(s) in Part 9.**

## Part 2: Plan Payments and Length of Plan

**2.1** Debtor(s) will make regular payments to the trustee as follows:

**$650** per **Month** for **60** months

*Debtor(s) shall commence payments within thirty (30) days of the petition date.*

**2.2** Regular payments to the trustee will be made from future income in the following manner *(check all that apply):*

☐ Debtor(s) will make payments pursuant to a payroll deduction. Debtor(s) request a payroll deduction be issued to:

☑ Debtor(s) will make payments directly to the trustee.
☐ Other (specify method of payment)

**2.3** **Income tax refunds and returns.** *Check one.*

Chapter 13 Plan                                                                Page 1

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                                   Best Case Bankruptcy

Case 19-82353-CRJ13    Doc 16    Filed 08/22/19    Entered 08/22/19 13:30:15    Desc Main
Document      Page 1 of 10

| ☑ | Debtor(s) will retain any income tax refunds received during the plan term. |
|---|---|
| ☐ | Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee income tax refunds received during the plan term, if any. |
| ☐ | Debtor(s) will treat income tax refunds as follows: |
| ☐ | Debtor(s) believe they are not required to file income tax returns and do not expect to receive tax refunds during the plan term. |

2.4 **Additional Payment** *Check all that apply.*
   ☑ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

2.5 **Adequate Protection Payments**

Any adequate protection payments shall be made as part of this plan; see Part 3 or Part 9 for details. The secured creditor must file a proof of claim in order to receive payment. Unless otherwise ordered, adequate protection payments through the trustee shall be made as funds are available after the proof of claim is properly filed.

## Part 3:   Treatment of Secured Claims

3.1 **Maintenance of payments and cure of defaults, if any, on long-term secured debts.** *Check one.*

   ☐ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*
   ☑ Debtor(s) or trustee will maintain the current contractual installment payments on the secured claims listed below. These payments will be disbursed either by the trustee or paid directly by Debtor(s), as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee. Unless otherwise ordered, the amounts listed on a proof of claim, amended proof of claim, or notice of payment change control over any contrary amounts listed below as to the estimated amount of the creditor's total claim, current installment payment, and arrearage.

| Name of Creditor | Collateral | Estimated Amount of Creditor's Total Claim | Current Installment Payment (including escrow) | Amount of Arrearage (if any) | Months Included in Arrearage | Monthly Fixed Payment on Arrearage | Monthly Fixed Payment on Arrearage to Begin |
|---|---|---|---|---|---|---|---|
| The Money Source Inc. | 18276 Red Tail St. Athens, AL 35613 Limestone County | $200,164.16 | $1,138.00 Disbursed by: Debtor To Begin: 1 | $10,528.72 | | $300.00 | |

3.2 **Request for valuation of security, claim modification, and hearing on valuation.** *Check one.*

   ☐ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

**The rest of § 3.2 will be effective only if the applicable box in Part 1 of this plan is checked.**

   ☑ Debtor(s) request that the court determine the value(s) of the collateral and the amount(s) of the secured claim(s) listed below. For each nongovernmental secured claim listed below, Debtor(s) state that the amount of the secured claim should be the *lesser* of (a) the amount of the secured claim listed on the creditor's proof of claim and (b) the amount set out in the column headed *Amount of Secured Claim*. For each listed claim, the amount of the secured claim will be paid in full with interest at the rate stated below. *If a nongovernmental creditor timely objects to the proposed value of the creditor's collateral or the proposed amount of the creditor's secured claim, the confirmation hearing shall include a valuation hearing pursuant to 11 U.S.C. § 506 and Bankruptcy Rule 3012 unless otherwise ordered. If a nongovernmental creditor whose claim is listed below fails to timely object, the creditor shall be deemed to have accepted the amount and treatment of the creditor's secured claim as set forth below.*

   For nongovernmental creditors, unless otherwise provided by this plan or otherwise ordered, the portion of any allowed claim that exceeds the amount of the secured claim listed below will be treated as an unsecured claim under Part 5 of this plan, and, if the amount of a creditor's secured claim is listed below as having a value of zero, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. For nongovernmental creditors, unless otherwise ordered, the amount of the creditor's total claim listed on the proof of claim or amended proof of claim controls over any contrary amounts listed below, but the amount of that creditor's secured claim, the value of the collateral, and the interest rate are controlled by the plan.

The holder of any claim listed below as having value in the column headed *Amount of Secured Claim* will retain the lien until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) discharge under 11 U.S.C. § 1328(a), at which time the lien will terminate and be released by the creditor.

For secured claims of governmental units, unless otherwise ordered, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below.

| Name of Creditor | Monthly Adequate Protection Payment | Estimated Amount of Creditor's Total Claim | Collateral | Value of Collateral | Amount of Secured Claim | Interest Rate | Monthly Fixed Payment to Creditor | Monthly Fixed Payment to Begin |
|---|---|---|---|---|---|---|---|---|
| Jefferson Capital System LLC | $98.00 | $14,775.00 | 2015 Chrysler 200 | $9,862.50 | $14,775.00 | 5.25% | $281.00 | |

3.3   **Secured claims excluded from 11 U.S.C. § 506 and fully secured claims.** *Check one.*

☑   **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

3.4   **Section 522(f) judicial lien and nonpossessory, nonpurchase-money ("Non-PPM") security interest avoidance.** *Check all that apply.*

☑   **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

3.5   **Surrender of collateral.** *Check one.*

☐   **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*
☑   Debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. Debtor(s) request that upon confirmation of this plan, the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. Any allowed unsecured claim resulting from the surrender of the collateral will be treated in Part 5 below.

| Name of Creditor | Collateral |
|---|---|
| Capital One Auto Finance | 2018 Chevrolet Traverse |
| Prestige Financial Svc | 2016 Chevrolet Malibu |

## Part 4.  Treatment of Fees and Priority Claims

4.1   **General**

Trustee's fees will be paid in full. Except as set forth in § 4.5, allowed priority claims also will be paid in full, without interest.

4.2   **Chapter 13 case filing fee.** *Check one.*

☑ Debtor(s) intend to pay the Chapter 13 case filing fee through the plan.
☐ Debtor(s) intend to pay the Chapter 13 case filing fee directly to the Clerk of Court.

4.3   **Attorney's fees.**

The total fee requested by Debtor(s)' attorney is **$3,500.00**. The amount of the attorney fee paid prepetition is **$119.00**.
The balance of the fee owed to Debtor(s)' attorney is **$3,381.00**, payable as follows (*check one*):

☐ $ at confirmation and $ per month thereafter until paid in full, or
☑ in accordance with any applicable administrative order regarding fees entered in the division where the case is pending.

4.4   **Priority claims other than attorney's fees and domestic support obligations.** *Check one.*

☐   **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*
☑   The other priority claims are listed below. Unless otherwise ordered, the amount of the creditor's priority claim listed on the

proof of claim or amended proof of claim controls over any contrary amount listed below.

| Name of Creditor | Estimated Amount of Claim to be Paid | Monthly Fixed Payment, if any, to Creditor | Monthly Fixed Payment, if any, to Begin |
|---|---|---|---|
| Internal Revenue Service | $100.00 | | |
| State of Alabama Department of Revenue | $413.00 | | |

4.5   Domestic support obligations. *Check one.*

☑   **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

### Part 5: Treatment of Nonpriority Unsecured Claims

5.1   **Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid pro rata.

5.2   **Percentage, Base, or Pot Plan.** *Check one.*

☐   100% Repayment Plan. This plan proposes to pay 100% of each allowed nonpriority unsecured claim.
☐   Percentage Plan. This plan proposes to pay _____% of each allowed nonpriority unsecured claim.
☐   Pot Plan. This plan proposes to pay $_____, distributed pro rata to holders of allowed nonpriority unsecured claims.
☑   Base Plan. This plan proposes to pay $ **39,000.00** to the trustee (plus any tax refunds, lawsuit proceeds, or additional payments pursuant to §§ 2.3 and 2.4). Holders of allowed nonpriority unsecured claims will receive the funds remaining, if any, after disbursements have been made to all other creditors provided for in this plan

5.3   **Interest on allowed nonpriority unsecured claims not separately classified.** *Check one.*
☑   **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

5.4   **Maintenance of payments and cure of any default on long-term nonpriority unsecured claims.** *Check one.*

☑   **None.** *If "None" is checked, the rest of § 5.4 need not be completed or reproduced.*

5.5   **Other separately classified nonpriority unsecured claims.** *Check one.*

☑   **None.** *If "None" is checked, the rest of § 5.5 need not be completed or reproduced.*

### Part 6: Executory Contracts and Unexpired Leases

6.1   The executory contracts and unexpired leases listed below are assumed, will be treated as specified, and any defaults cured. *Check one.*

☑   **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

6.2   The executory contracts and unexpired leases listed below are rejected: *Check one.*

☑   **None.** *If "None" is checked, the rest of § 6.2 need not be completed or reproduced.*

### Part 7: Sequence of Payments

7.1   Unless otherwise ordered, the trustee will make the monthly payments required in Parts 3 through 6 in the sequence of payments set forth in the administrative order for the division in which this case is pending.

### Part 8: Vesting of Property of the Estate

8.1   **Property of the estate will vest in Debtor(s)** *(check one):*

| Debtor | **Carisha Coverson** | Case number | **19-82353** | Eff (01/01/2019) |
|---|---|---|---|---|

☑ Upon plan confirmation.

☐ Upon entry of Discharge

### Part 9. Nonstandard Plan Provisions

☑ **None.** *If "None" is checked, the rest of Part 9 need not be completed or reproduced.*

### Part 10. Signatures:

**Signature(s) of Debtor(s) required.**

Signature(s) of Debtor(s) *(required)*:

X  **/s/ Carisha Coverson**                             Date  **August 22, 2019**
   **Carisha Coverson**

X  _____            Date

**Signature of Attorney for Debtor(s):**
X  **/s/ John C. Larsen**                              Date  **August 22, 2019**
   **John C. Larsen**
   **1733 Winchester Road**
   **Huntsville, AL 35811**
   **256-859-3008**

Name/Address/Telephone/Attorney for Debtor(s):

By filing this document, Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) certif(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in this district's Local Form, other than any nonstandard provisions included in Part 9.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

In Re: Carisha Coverson )
SSN: XXX-XX-4040 )
) Case No. 19-82353-CRJ13
) Chapter 13
)
Debtor(s) )

Debtors' Affidavit

My name is Juan Maldonado and I am the debtor in the above-styled case. I am over the age of nineteen and am competent to give the testimony contained in this Affidavit.

I am presently the owner of a **2015 Chrysler 200**. This vehicle is in average condition.

Attached to this affidavit, is the current NADA listings with regard to this vehicle. The average of the NADA values is **$9,862.50**. Based on my personal knowledge of the vehicle's condition, I agree that this is the accurate value for the vehicle.

The Lienholder on this claim is Jefferson Capital Systems, LLC. This claim has been included in my bankruptcy case.

DATED this the 22nd day of August, 2019.

/s/ Juan Maldonado
Debtor



NADAguides Value Report   8/22/2019

# 2015 Chrysler 200

Sedan 4D Limited I4

## Values

|  | Rough Trade-In | Average Trade-In | Clean Trade-In | Clean Retail |
|---|---|---|---|---|
| Base Price | $7,075 | $8,175 | $9,075 | $11,550 |
| Mileage (0) | N/A | N/A | N/A | N/A |
| Total Base Price | $7,075 | $8,175 | $9,075 | $11,550 |
| **Options** (change) | | | | |
| **Price + Options** | **$7,075** | **$8,175** | **$9,075** | **$11,550** |
| Certified Pre-Owned (CPO) | | | | +$850 |
| **Certified Price with Options** | | | | **$12,400** |

**Rough Trade-In** - Rough Trade-in values reflect a vehicle in rough condition. Meaning a vehicle with significant mechanical defects requiring repairs in order to restore reasonable running condition. Paint, body and wheel surfaces have considerable damage to their finish, which may include dull or faded (oxidized) paint, small to medium size dents, frame damage, rust or obvious signs of previous repairs. Interior reflects above average wear with inoperable equipment, damaged or missing trim and heavily soiled /permanent imperfections on the headliner, carpet, and upholstery. Vehicle may have a branded title and un-true mileage. Vehicle will need substantial reconditioning and repair to be made ready for resale. Some existing issues may be difficult to restore. Because individual vehicle condition varies greatly, users of NADAguides.com may need to make independent adjustments for actual vehicle condition.

**Average Trade-In** - The Average Trade-In values on nadaguides.com are meant to reflect a vehicle in average condition. A vehicle that is mechanically sound but may require some repairs/servicing to pass all necessary inspections; Paint, body and wheel surfaces have moderate imperfections and an average finish and shine which can be improved with restorative repair; Interior reflects some soiling and wear in relation to vehicle age, with all equipment operable or requiring minimal effort to make operable; Clean title history; Vehicle will need a fair degree of reconditioning to be made ready for resale. Because individual vehicle condition varies greatly, users of nadaguides.com may need to make independent adjustments for actual vehicle condition.

**Clean Trade-In** - Clean Trade-In values reflect a vehicle in clean condition. This means a vehicle with no mechanical defects and passes all necessary inspections with ease. Paint, body and wheels have minor surface scratching with a high gloss finish and shine. Interior reflects minimal soiling and wear with all equipment in complete working order. Vehicle has a clean title history. Vehicle will need minimal reconditioning to be made ready for resale. Because individual vehicle condition varies greatly, users of NADAguides.com may need to make independent adjustments for actual vehicle condition.

**Clean Retail** - Clean Retail values reflect a vehicle in clean condition. This means a vehicle with no mechanical defects and passes all necessary inspections with ease. Paint, body and wheels have minor surface scratching with a high gloss finish and shine. Interior reflects minimal soiling and wear with all equipment in complete working order. Vehicle has a clean title history. Because individual vehicle condition varies greatly, users of NADAguides.com may need to make independent adjustments for actual vehicle condition. Note: Vehicles with low mileage that are in exceptionally good condition and/or include a manufacturer certification can be worth a significantly higher value than the Clean Retail price shown.

| Popular Chrysler Models | Popular Chrysler Vehicles | Car Shopping Guides | Cars By Price |
|---|---|---|---|
| Chrysler Pacifica | 2020 Chrysler Pacifica | 10 Most Popular Midsize SUVs an... | Under $15,000 |
| Chrysler 300 | 2019 Chrysler Pacifica | Warning Signs You Need New Bra... | $15,000 - $25,000 |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| In Re: Carisha Coverson<br>SSN: XXX-XX-4040<br><br>Debtor(s) | )<br>)<br>)<br>)<br>)<br>) | Case No. 19-82353-CRJ13<br>Chapter 13 |

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the Chapter 13 Plan has been served upon all creditors listed on the matrix electronically or by depositing copies for the creditors listed below in the United States Mail, properly addressed and postage prepaid, on this the 22nd day of August, 2019.

A copy was served electronically on Michele Hatcher, Chapter 13 Trustee, on this the 22nd day of August, 2019.

/s/ John C. Larsen

Label Matrix for local noticing
1126-8
Case 19-82353-CRJ13
NORTHERN DISTRICT OF ALABAMA
Decatur
Thu Aug 22 13:23:10 CDT 2019

PRA Receivables Management, LLC
PO Box 41021
Norfolk, VA 23541-1021

U. S. Bankruptcy Court
400 Well Street
P. O. Box 2775
Decatur, AL 35602-2775

1st Franklin
Attn: Bankruptcy
Po Box 880
Toccoa, GA 30577-0880

Capital One
Attn: Bankruptcy
Po Box 30285
Salt Lake City, UT 84130-0285

Capital One Auto Finance
P.O. Box 4360
Houston, TX 77210-4360

Capital One Bank (USA), N.A.
by American InfoSource as agent
PO Box 71083
Charlotte, NC 28272-1083

Consumer Portfolio Svc
Attn: Bankruptcy
Po Box 57071
Irvine, CA 92619-7071

Department of Education/Nelnet
Attn: Claims
Po Box 82505
Lincoln, NE 68501-2505

First PREMIER Bank
Attn: Bankruptcy
Po Box 5524
Sioux Falls, SD 57117-5524

Franklin Collection Service, Inc.
Attn: Bankruptcy
Po Box 3910
Tupelo, MS 38803-3910

Internal Revenue Service
P.O Box 7346
Philadelphia, PA 19101-7346

Jefferson Capital System LLC
PO Box 772813
Chicago, IL 60677-0113

LVNV Funding, LLC
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

(p)PORTFOLIO RECOVERY ASSOCIATES LLC
PO BOX 41067
NORFOLK VA 23541-1067

Prestige Financial Svc
Attn: Bankruptcy
351 W Opportunity Way
Draper, UT 84020-1399

Quantum3 Group LLC
PO Box 788
Kirkland, WA 98083-0788

Quantum3 Group LLC as agent for
MOMA Trust LLC
PO Box 788
Kirkland, WA 98083-0788

Quantum3 Group LLC as agent for
Sadino Funding LLC
PO Box 788
Kirkland, WA 98083-0788

State of Alabama Department of Revenue
P.O Box 320001
Montgomery, AL 36132-0001

T Mobile/T-Mobile USA Inc
by American InfoSource as agent
PO Box 248848
Oklahoma City, OK 73124-8848

The Money Source Inc.
500 South Broad Street
Suite 100A
Meriden, CT 06450-6755

USDOE/GLELSI
Attn: Bankruptcy
Po Box 7860
Madison, WI 53707-7860

United States Department of Education
Claims Filing Unit
P O Box 8973
Madison, WI 53708-8973

Carisha Coverson
18276 Red Tail St.
Athens, AL 35613-5271

John C. Larsen
Larsen Law, P.C.
1733 Winchester Rd
Huntsville, AL 35811-9190

Michele T. Hatcher
Chapter 13 Trustee
P.O. Box 2388
Decatur, AL 35602-2388

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Portfolio Recovery Associates
P.O Box 12914
Norfolk, VA 23541

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | |
|---|---|
| (d)PRA Receivables Management, LLC<br>PO Box 41021<br>Norfolk, VA 23541-1021 | End of Label Matrix<br>Mailable recipients    26<br>Bypassed recipients    1<br>Total    27 |